UNITED STATES of America, Appellee,

v.

Ronald Dean WILEY, Appellant.

No. 87–1937.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1988.

Decided May 24, 1988.

Marjorie M. Kesl, England, Ark., for appellant.

Terry L. Derden, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and HANSON,[*] Senior District Judge.

PER CURIAM.

Ronald Dean Wiley appeals his jury conviction of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, and aiding and abetting the possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. On appeal, Wiley asserts that the district court[1] erred in denying Wiley standing to suppress the search warrant executed on a third party's home which Wiley was in at the time of the arrest. We affirm.

I. BACKGROUND

Wiley supplied cocaine to others for redistribution. In July 1986, Wiley met Randolph Kennedy who, in September 1986, began redistributing cocaine supplied by Wiley. Kennedy lived in a home located in Cabot, Arkansas, while Wiley lived in Dallas, Texas. Consequently, Wiley visited Kennedy every two or three weeks between September 1986 and February 12, 1987 (the date of arrest). With the exception of two nights, Wiley always stayed at a local hotel during his visits. On his last

---

* The HON. WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Hon. Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas.

visit, Wiley spent two nights in a hotel and on the day he was to return to Texas, February 12, 1987, he checked out of the hotel, met Kennedy, and went to Kennedy's home in order to pick up a vehicle which Wiley planned to drive back to Texas later that day. Upon arriving at the Kennedy home, Kennedy and/or Wiley placed Wiley's bags in the vehicle prior to going inside. While both men were in the home, a government informant went to the home to make a controlled cocaine purchase. Following the purchase, government officials executed a search warrant on the home, and searched and arrested Kennedy, Wiley and two other people in the home. The officials also confiscated two pounds of cocaine [2] and thirty-two pounds of marijuana.

On February 19, 1987, a grand jury indicted Wiley and Kennedy.[3] Wiley moved to suppress the search warrant of Kennedy's home, as well as the evidence seized during the search. The district court accepted the magistrate's proposed findings and recommendations that Wiley lacked standing to contest the search warrant and seizure and thus deny the motion. A jury later convicted Wiley. This appeal followed.

## II. DISCUSSION

■ Because fourth amendment rights are personal, a person challenging a search warrant must demonstrate that he or she has a legitimate expectation of privacy in the area searched. *United States v. Nabors*, 761 F.2d 465, 468 (8th Cir.), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 123 (1985), *reh'g denied*, 474 U.S. 1077, 106 S.Ct. 840, 88 L.Ed.2d 810 (1986). By establishing a legitimate expectation of privacy, the person establishes his or her standing to challenge the search. The cases of *United States v. Nabors*, 761 F.2d 465 (8th Cir.1985) and *United States v. Perez*, 700 F.2d 1232 (8th Cir.1983), *cert. denied*, 468 U.S. 1217, 104 S.Ct. 3587, 82 L.Ed.2d 884 (1984), guide our consideration of Wiley's claim.

■ In *Perez*, this court held that a regular overnight guest had standing to challenge the search of his host's home and of another guest's luggage. In *Nabors*, this court held that the defendant did not have a legitimate expectation of privacy in his girlfriend's home and thus lacked standing to challenge a search even though he was upon the premise at the time of the search. Significant to our decision were the underlying facts that Nabors did not have a key nor unencumbered access to the home, nor did he have permission to enter the home in the absence of the girlfriend. Although he visited two or three days a week, he never spent the night. He did not receive mail or keep any belongings at the home. He arrived at the home shortly before the search. He did not claim ownership of the drugs seized during the search. *Nabors*, 761 F.2d at 469.

In this case, the district court adopted the magistrate's findings that:

> Wiley had no key, had no access to Kennedy's home when Kennedy was not there, had no access to the closet where Kennedy kept his drugs, had no furniture, luggage or personal effects stored there and received no telephone calls at Kennedy's number. Wiley had, however, received one letter [a beeper bill] at the Kennedy address. Thus standing to challenge the Kennedy search seems to be lacking because Wiley had no legitimate expectation of privacy in Kennedy's residence.

We agree. Like the defendant in *Nabors*, Wiley did not have a legitimate expectation of privacy in Kennedy's home, and thus he lacked standing to challenge the search warrant and the evidence seized under that warrant.

## III. CONCLUSION

Because Wiley lacks standing to challenge the search warrant, we affirm the district court's decision denying the motion. AFFIRMED.

---

**2.** The cocaine was tested to be approximately 85–90% pure with a street value of $120,000.

**3.** Kennedy pled guilty to conspiracy and agreed to testify against Wiley.